*MONROE vs. Mc MICKEN*

An execution will not be enjoined, for matter which might have been pleaded to the action.

An answer, put in the papers of a cause, without being handed to the clerk and by him endorsed and filed, is not a part of the record.

APPEAL from the court of the third district, the judge thereof presiding.

PORTER, J. delivered the opinion of the court. This case commenced by injunction. The plaintiff states, that the defendant as curator of the vacant succession of Taliafero Reno, recovered judgment against the peti-

tioner, Archibald Harelson, and James Cooper, for the sum of $3773 53-100, with 5 per cent interest, from judicial demand, which judgment was rendered against them, as sureties of Aaron Bird, who had been curator of the estate of Reno. That subsequent to Bird's obtaining letters of copartnership, he became insolvent; but on the day of his bankruptcy, Reno's succession was indebted to the firm of A. & W. Bird, in the sum of $11,434 44-100, to the whole of which sum the sureties of Bird became subrogated on the day of the failure, by mere operation of law; and that by virtue of this subrogation, the dividend of the succession of T. Reno, due to the sureties, will be more than sufficient to satisfy the judgment the defendant has obtained against them.

The petition contains further allegations. That McMicken, the defendant, has not faithfully and legally discharged his duties as curator, and that there is now a suit pending before the court of probates to remove him.

That the plaintiff, as agent of Aaron Bird, former curator of the succession of Reno, paid to the firm of A. & W. Bird, in the years of 1822 and 1823, the sum of $3843 44-100

MONROE
*vs.*
McMICKEN.

which sum was appropriated to the use of said firm.

That since the rendition of the judgment, on which the execution now sought to be enjoined issued, the plaintiff has paid to one Harelson, a privileged creditor, the sum of $100.

And finally, that since the rendition of the judgment, the court of probates of the parish of West Feliciana, has ordered a further credit thereon, for the sum of $2774 56-100.

The answer admits the fact of judgment having been rendered, and execution issued, as charged in the petition, but denies the other allegations therein contained. That the payment to Harelson was not valid. That the court had not authority to liquidate claims against the estate of Reno, the same being within the exclusive jurisdiction of the court of probates.

The cause was submitted to a jury, who found for the defendant, and the plaintiff appealed.

Before the trial was gone into, the plaintiff moved for a continuance on an affidavit. The court overruled the motion, and he excepted.

The ground laid in the affidavit, was the pendency of a suit in the probate court, which had for object, to liquidate the accounts of A. Bird, curator of the estate of Taliaferro Reno, and a belief expressed by the affiant, that he could not go safely to trial, until that liquidation took place.

We have been unable to discover the manner in which the plaintiff could have expected to profit by the decision of the court of probates, or how the pendency of the suit alluded to in the affidavit, could operate as a stay of execution. The petition for injunction, expressly states, that the defendant, in his capacity of curator of the estate of Reno, had recovered judgment against the petitioner, and other sureties of the former curator of the estate. The time to have presented their matters in defence, was before that judgment was rendered. It is too late now. Causes would never terminate, if injunctions could stop execution, and try matters over again which might have been offered in defence before judgment was given. We therefore think the court did not err, in refusing a continuance on the grounds set forth in the affidavit.

HARVARD LAW SCHOOL LIBRARY.

After the jury was sworn, the plaintiff moved for a continuance, from having discovered that no answer was filed, nor judgment of default taken, to form the *contestatio litis.* The court refused to continue the cause on this ground, and the plaintiff excepted.

It appears the answer was not endorsed by clerk, as filed, but the evidence no doubt satisfied the judge below, that it had been placed among the papers of the cause, several days before. We think the weight of the evidence is in favor of that conclusion. Admitting there is no doubt of the fact, the difficulty still remains. The 463d article of the code of practice, provides, that "as soon as the answer *has been filed* in a suit, the clerk shall set down the cause on the docket of the court, in order that it be called in its turn, and a day fixed for its trial."

From this provision, we think it follows, the cause was irregularly set down for trial, before the answer was filed. The only doubt then, which can remain in this case, is, whether the plaintiff took advantage of the objection in proper time. The bill of exceptions, at its commencement, states, that after swearing the jury, the plaintiff moved for a continu-

ance, on this ground. But from the language used in another part of the bill, it would seem doubtful whether the jury was not sworn, without allowing the plaintiff sufficient time to examine the answer, and see if the case was at issue. The statement is as follows: "after the overruling the motion to continue on affidavit, at this moment the court ordered a jury to be sworn. Gen. Ripley, attorney for plaintiff, objected, because he had not yet examined the answer; the papers were handed to him by the clerk, and while he was reading the paper marked A., defendant's counsel moved to amend the same, by striking out the word *court,* and inserting the word *curator,* which was opposed by plaintiff's counsel, the same not being endorsed, as filed by the clerk; after taking the testimony of E. Cowley and James Turner, the court ordered the same to be filed."

The plaintiff was not bound to notice the answer until filed. It was not one in the cause, until handed to the clerk, and endorsed] by him, consequently no argument can be drawn, upon the implied notice which the law raises as to the knowledge of the parties to a suit, of the pleadings in it. The plain-

tiff then, as soon as the paper was presented to him, had a right to take advantage of the defect, and the swearing of the jury did not wave it. If our construction be correct, as we think it is, that until the answer is filed, it is not a part of the record; it follows, the jury were sworn before issue was joined, and the cause must be remanded.

We are always reluctant to yield to these technical objections, but we apprehend great confusion would result, if any other principle was adopted in relation to such matters. If papers can be considered as belonging to a cause, and the pleadings be made up by a party putting them in the bundle without the endorsement of the clerk, there will be constant dispute as to the time they are placed there, and that which the law contemplates to appear by record, will have to be proved as in this instance, by parol evidence! We think the safety of suitors will be promoted, and we are sure much confusion will be avoided, by adhering strictly to the rule of considering them as private, until regularly filed.

It is therefore ordered, adjudged and decreed, that the judgment of the district court

be avoided, reversed and annulled, and that the cause be remanded to be proceeded in according to law, the appellee paying costs of appeal.